UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GWENDOLYN GATSON,

                                        Plaintiff

                                                        DECISION AND ORDER

-vs-

                                                        15-CV-6220  CJS

PATRICK R. DONAHOE, Postmaster General,
United States Postal Service, (Northeast Area)
Agency,

                                        Defendants

_____

## INTRODUCTION

Plaintiff, a former employee of the United States Postal Service, commenced this action alleging employment discrimination, retaliation and due process violations.  Now before the Court is Defendant's motion to dismiss for improper service and failure to state a claim.  The application is granted in part and denied in part.

## BACKGROUND

On January 13, 2007, the United States Postal Service terminated Plaintiff's employment.  Plaintiff thereafter filed an employment discrimination complaint with the United States Equal Employment Opportunity Commission Office of Federal Operations ("EEOC"), alleging that she was terminated because of her race (African American), sex (female) and disability (injuries to knee, neck and back), and in retaliation for a prior discrimination complaint.  The EEOC denied Plaintiff's complaint, and on May 20, 2014, Plaintiff filed a motion for reconsideration.  On January 15, 2015, the EEOC denied Plaintiff's motion for reconsideration.

On April 16, 2015, Plaintiff commenced this action, proceeding *pro se*.  Plaintiff's

Complaint (Docket No. [#1]) purports to state four causes of action: 1) termination due to discrimination; 2) termination based upon wrong standard of law; 3) retaliation; and 4) denial of due process by the EEOC.  As to the fourth cause of action, the Complaint contends that the EEOC denied Plaintiff "due process of law" when it denied her motion for reconsideration, because it prevented her from submitting a reply to the Postal Service's opposition to the motion for reconsideration.  The Complaint [#1] indicates that Plaintiff wanted to file such a reply because the Postal Service's response "quoted law that did not exist and totally misrepresented the facts."[1]

Along with the Complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis*, which the Court denied. Thereafter, on June 16, 2015, Plaintiff paid the filing fee. According to the Court's docket sheet, it was not until December 7, 2015, that the Court issued a summons and mailed it to Plaintiff.  Approximately six months later, the Court determined that there had been no docket activity since December 7, 2015.  On May 31, 2016, the Court issued an Order to Show Cause [#4], as to why the action should not be dismissed for failure to prosecute.  On June 14, 2016, Plaintiff responded to the Order to Show Cause, and indicated that she had never received the summons mailed by the Court. On June 23, 2016, the Court accepted Plaintiff's explanation and directed the Clerk of the Court to reissue a summons to Plaintiff.

On June 24, 2016, the Clerk of the Court mailed a new summons to Plaintiff.  Less than ninety days thereafter, on September 19, 2016, Plaintiff filed a proof of service, indicating that she had served Defendant.  However, the affidavit [#8] that Plaintiff filed

---

[1]Complaint [#1] at p. 6.

indicated only that on September 19, 2016, her process server the summons to the office of the United States Attorney in Rochester.

On September 15, 2016, Defendant filed the subject motion [#7] to dismiss the Complaint in its entirety for improper service, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4(i), 4(m) and 12(b)(5), or, in the alternative, to dismiss the fourth cause of action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  Defendant further contends that the proper defendant in this action is the current Postmaster General, Megan J. Brennan ("Brennan").

On October 6, 2016, Plaintiff filed a response [#9], opposing Defendant's motion to dismiss in its entirety, though not opposing Defendant's request to substitute Brennan as the proper defendant.  In opposing Defendant's motion to dismiss for improper service, Plaintiff re-submitted the aforementioned affidavit of service, along with a postal receipt, purporting to show that, on September 19, 2016, she had also mailed a copy of the summons and complaint to the Postmaster General in Washington, D.C., by certified mail.

DISCUSSION

Motion to Dismiss for Untimely and Improper Service

Defendant maintains that the Complaint should be dismissed for "insufficient service of process," pursuant to Fed.R.Civ.P. 12(b)(5).  "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, No. 07–3709–cv, 360 F. App'x 202, 203 (2d Cir. Jan. 12, 2010).  "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Defendant contends that service was untimely, because it was not completed within ninety days after the complaint was filed, as required by Fed.R.Civ.P. 4(m).  Defendant correctly points out that Plaintiff did not attempt to serve the summons until nine months after the Court first issued the summons.  However, Defendant ignores the fact that in the interim, the Court issued the Order to Show Cause, Plaintiff responded, and the Court directed the Clerk to issue a new summons. *See*, Order [#6].  By issuing that Order, the Court accepted Plaintiff's explanation that she had never received the first summons that was mailed to her in December 2015.  Accordingly, the Court does not hold Plaintiff responsible for the delay between December 7, 2015, when the summons was first issued, and June 24, 2016, when the summons was re-issued.  Consequently, since Defendant's motion under Rule 4(m) is based on that period of delay, the Court will deny that aspect of the motion.

Alternatively, Defendant contends that Plaintiff failed to make proper service under Fed.R.Civ.P. 4(i), which governs service on the United States and its agencies, corporations, officers or employees.  Plaintiff is suing the Postmaster General in his official capacity, and was therefore required to make service in accordance with Rule 4(i)(2). Under that rule, the plaintiff must first serve the United States, and then must "also send a copy of the summons and . . . complaint by registered or certified mail to the agency, corporation, officer or employee." Fed.R.Civ.P. 4(i)(2).  As for serving the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

4

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).  Accordingly, pursuant to this rule, Plaintiff was required to do the following: 1) send a copy of the summons and complaint by registered or certified mail to the Postmaster General; 2) deliver, or send, by registered or certified mail, a copy of the summons and complaint to the United States Attorney for the Western District of New York; and 3) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C..  Additionally, because the Complaint also challenges the determination of the EEOC, Plaintiff was required to send a copy of the summons and complaint to the EEOC, by registered or certified mail.

Defendant contends that Plaintiff failed to comply with these requirements, stating that, "on or about July 18, 2016 . . . Plaintiff sent a copy of the Complaint via regular, first-class mail to the Agency's Northeast Area Law Office located in Windsor, Connecticut. Plaintiff sent the Complaint to the United States Attorney's Office on the same date, July 18, 2016."[2]  Defendant does not indicate whether the mailing to the U.S. Attorney was by regular mail.  Moreover, these dates are confusing, since Plaintiff claims that she served Defendant in September 2016, not July.

---

[2]Memo of Law [#7-1] at p. 3.

In any event, Plaintiff responds by claiming that she properly served Defendant on September 19, 2016, by doing just two things: 1) hand delivering a copy of the summons and complaint to the U.S. Attorney's office in Rochester; and 2) mailing, by certified mail, a copy of the summons and complaint to the Postmaster General in Washington, D.C..[3] Defendant did not submit a reply, and consequently the Court assumes that Defendant does not challenge Plaintiff's contention that she took those two actions on September 19, 2016.

Nonetheless, by Plaintiff's own admission she did not properly serve the Defendant, since she did not send copies of the summons and complaint, by registered or certified mail, to the Attorney General or the EEOC.  Nor has Plaintiff offered any good cause for such failure, since she apparently does not understand that her attempt at service was deficient.  The Court could therefore dismiss the action for improper service.  However,

> a district court has wide latitude in deciding when to grant extensions [of time to cure deficiencies in service, even] absent good cause. *See Zapata v. City of New York*, 502 F.3d 192, 195–96 (2d Cir.2007). Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a "justifiable excuse" for the failure properly to serve.

*Mares v. United States*, No. 14–2396–cv, 627 F. App'x 21, 23 (2d Cir. Oct. 5, 2015).  The Court has considered the relevant factors and finds that an extension of time is appropriate here.  In that regard, the Court has considered that if the action is dismissed, Plaintiff may be barred by the statute of limitations from re-filing the action.  Additionally, it appears that the *pro se* Plaintiff attempted to comply with Rule 4(i), but did not comprehend all of its

---

[3]Pl. Response [#9] at pp. 3-4.

requirements.[4]   On the other hand, Defendant had actual notice of the action and has not claimed any prejudice.  Accordingly, the Court will deny Defendant's motion under Rule 12(b)(5), and will grant Plaintiff an additional ten (10) days to complete service, by serving both the Attorney General and the EEOC.

Motion to Dismiss for Failure to State a Claim

Defendant also moves to dismiss the fourth cause of action for failure to state a claim.  The legal principles applicable to such a motion are clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052,

---

[4]*See*, Pl. Memo of Lwa [#9] at p. 3.

121 S.Ct. 657 (2000).  In addition to the complaint, "[t]he Court may also consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff upon which it relied in bringing the suit." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (citation and internal quotation marks omitted).

Defendant contends that the fourth cause of action fails to state an actionable claim, because it is directed at the EEOC, which is not a party to this action.  In that regard, the fourth cause of action clearly alleges that the "Administrative Court," referring to the EEOC, "denied Plaintiff due process when [it] denied Plaintiff the right to respond to Defendant's opposition to Plaintiff's request for reconsideration."[5]  The Complaint reiterates this point a few sentences later, stating:

> The federal basis for this claim is:  The Administrative Court denied Plaintiff due process of law when that court would not consider Plaintiff's response to Defendant's opposition to Plaintiff's request for reconsideration.[6]

Defendant is therefore correct in asserting that the fourth cause of action is directed at the EEOC, which is not a party.  Plaintiff suggests that she may try to add the EEOC as a party, "should [the] Court determine that [the EEOC] denied Plaintiff due process of law."[7]  However, any such attempt at amendment would be futile, since Plaintiff had no constitutional right to submit a reply to her motion for reconsideration.  Rather, as the EEOC explained when it denied Plaintiff's motion for reconsideration, the regulation

---

[5]Complaint [#1] at p. 6.

[6]Complaint [#1] at p. 6.

[7]Pl. Response [#9] at p. 5.

permitting motions for reconsideration, 29 C.F.R. § 1614.405(c), does not provide for submission of replies.[8]  Accordingly, the Fourth Cause of Action fails to state any potential claim against the EEOC.

The fourth cause of action also fails to state a claim against Defendant.  In that regard, the only reference to Defendant in the fourth cause of action is the following statement: "Moreover, to add insult to injury, the Defendant's opposition quoted law that did not exist and totally misrepresented the facts."[9]  In opposing Defendant's motion, Plaintiff further insists that, "[i]t was the Defendant by misrepresenting the law that denied [her] due process of law."[10]  However, even assuming that Defendant misstated the law and/or facts before the EEOC, such assertion fails to state a claim of constitutional significance, and must be dismissed.  Plaintiff has not requested leave to amend this claim as against Defendant, but such application would be denied in any event, since better pleading would not cure the claim's inherent lack of merit.  Accordingly, the Fourth Cause of Action is dismissed with prejudice.

CONCLUSION

Defendant's motion to dismiss [#7] is granted in part and denied in part.  The Fourth Cause of Action is dismissed with prejudice, but the application is otherwise denied.  Within ten (10) days of the date of this Decision and Order, Plaintiff shall complete service on Defendant by sending a copy of the Summons and Complaint, by certified or registered

---

[8]*See*, EEOC decision dated January 15, 2015, Def. Motion to Dismiss [#7], Ex. 8 at p. 2, n. 1.

[9]Complaint [#1] at p. 6.

[10]Pl. Memo of Law [#9] at p. 5.

mail, to both the Attorney General and the EEOC, and file proof of service with the Court. In the event that Plaintiff fails to do so, Defendant shall notify the Court in writing. The Clerk of the Court is directed to substitute Megan J. Brennan, Postmaster General, United States Postal Service,  in place of Patrick Donahoe, and to terminate Donahoe as a party.

SO ORDERED.

Dated:      Rochester, New York
            March 31, 2017
                              ENTER:


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge